# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>        Petitioner,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Respondents. | 1:05-cv-01213-LJO-TAG HC<br><br>REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 28, 2005, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner is a state prisoner serving a term of life without parole for a murder conviction. He maintains in the instant petition that the Point Classification System used to determine which facilities an inmate is assigned to discriminates against prisoners serving "life without parole" sentences.  Petitioner alleges he has been incarcerated since 1979 on the present conviction, and that he has maintained a sufficiently low classification to justify incarceration in a Level III facility.  However, Respondent's application of the Classification System has denied him the transfer from his current Level IV facility.

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that CDCR's Classification System, that determines whether inmates will be placed in less or more secure facilities, with correspondingly less or more ancillary inmate programs, discriminates against prisoners who are serving "life without parole" sentences.  (Doc. 1, pp. 8-37).  Petitioner maintains he is entitled, by virtue of his classification history, to be transferred from a Level IV prison to a Level III prison.  (Id.). Petitioner requests an "over-view and total re-construction or cancellation of Points/Score for LWOP's be granted."  (Id. at p. 20).  Petitioner is thus challenging the conditions of his confinement, i.e., specifically the facility in which he is currently incarcerated, not the *fact or duration* of his confinement.  Because Petitioner is challenging the conditions of his present confinement, there is no habeas relief that this Court can provide.  Petitioner is not entitled to habeas corpus relief, and therefore this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and

    2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

    This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 30, 2007**                         /s/ Theresa A. Goldner
**j6eb3d**                                         UNITED STATES MAGISTRATE JUDGE